Next case is International Union of Operating Engineers v. Williams Equipment. Mr. Press. Good morning. Good morning, Your Honor. May it please the Court, I'd like to request three minutes for rebuttal. Yes. Your Honor, this is a case where we have an arbitration award but no arbitration agreement. We don't even have a collective bargaining agreement in this case. Why did the district court then find that there was an agreement here? I think the district court found there was an agreement by virtue of taking, bootstrapping the so-called arbitrator's fact findings into creating an agreement. Those arbitrator's fact findings should never have been considered at all. You didn't participate in the arbitration. Williams did not participate in this arbitration at all. Williams maintained from prior to the arbitration. Sort of the thing that jumps out at you is, okay, fine, I can understand why he didn't participate in the arbitration, although there's an argument the other way, but I can understand. What I don't understand is why he didn't file within 30 days thereafter a motion to vacate. That I don't know, Your Honor, but what I can say is that when the arbitrator is proceeding entirely without jurisdiction, that 30-day time limit is not applicable. The 30-day time limit would apply to defenses, grounds to vacate an otherwise valid arbitration award. You have an agreement. The arbitrator has jurisdiction. But in one sense, yeah, but don't you want to make it very clear that I'm not agreeing that what this arbitrator did was allowable let alone correct as to me, even if it were allowable? Your Honor, let me say this. If I were representing Williams at that time, I probably would have immediately filed a motion to vacate, if not filed to enjoin the arbitration beforehand. But that's not required. If Williams wanted to maintain now that the award should be vacated because the arbitrator didn't reschedule a hearing when Williams was unable to make it or because there was some perceived bias on the part of the arbitrator or things that are defenses under the Federal Arbitration Act or under the equivalent under the LMRA, sure. You would have to move to vacate. And certainly, you would have to move timely. I think there is an argument that can be made that that time limit actually is not 30 days. But that doesn't matter here because this is a case where there was no agreement to arbitrate. The arbitrator was entirely without jurisdiction. And in fact, therefore, the court was without jurisdiction. Tell us what the district court did wrong in her analysis, finding that you were a party. Well, I think what the district court did is went and looked at these facts that were so-called facts that were found by the arbitrator. And basically said, okay, well, there's this so-called course of conduct here that there's, even though there's not the same signature, you know, the same agreement with two signatures on it, there's, you know, this so-called course of conduct. But the course of conduct was never offered into evidence. There was never any evidence of that. What was offered into evidence was the arbitrator's decision. Now, what was tendered to the court, among other things, was the arbitrator's decision and the standard CBA. The standard collective bargaining agreement. It was never signed by Williams. But there was a job site agreement governing the employment of lures for a single job site. Is that correct? No. What we have is this big, long agreement that was tendered to the court. I'm not even sure it's in the right order. All the pages are there. And then we have this letter sent by Mr. Williams tendering an alternative agreement. And that agreement, it's in the appendix a couple times, if I find it here. But it's a one-page agreement, a one-page form of agreement, along with a cover letter tendering it to the union. And, you know, it says, you know, we're not we would propose this agreement. We also have the affidavit of Mr. Williams saying, you know, saying there's a ---- I'm still not sure what the agreement is you're referring to. Okay. Let me ---- I thought there was a job site agreement. I don't think it would be ---- To employ him on a single site. No. There was never anything that would be ---- Is that the thing that's called the operator's agreement? There's a ---- I think it may be called an operator's agreement. It's signed by H. Arthur Williams at the bottom. Right. And ---- It talks about the York Hospital project, correct? Correct. Correct. And it seems to indicate that we're going to follow essentially what we've done in the past for the following rates, et cetera. Correct. It says the wage and ---- I found it here. It's at 162 in the appendix. It's signed by Mr. Williams, and it says the wage and benefit rates will be those listed in the, quote, normal agreement. Talk about the normal rates and the boom pay rates. It ---- if there is ---- I assume there is a normal agreement that's actually not part of the record. I don't think there's any ---- I mean, I think if this were the agreement, I think one could figure out maybe what those rates were. Yeah, I mean, the normal agreement would be the elephant in the room, the collective bargaining agreement. Perhaps. But that just addresses rates. What it doesn't address and what's in this so-called operator's agreement nowhere, there's two big things missing. One is acceptance by the union, either express or implied. There's no signature. There's no indication. And the union came into court originally saying ---- You could flip the course of conduct argument there and say, but the person did show up timely, did perform work at that site, so it would appear that by course of conduct the union has accepted the operator's agreement. Perhaps, or perhaps Williams just hired a guy who happened to be a member of the union. Okay. I mean, there's ---- Williams isn't always hiring. I mean, certainly Williams does not always hire union members. I mean, it just ---- But you have a union person who works on this project. There was. I don't think there's any dispute that Mr. Lewis is a member of the union and that he worked on this project. But what's missing from this agreement, expressly or by incorporation in any way, is an arbitration clause. We may ---- The arbitration provision is clearly not in the operator's agreement, but there is an arbitration provision in the collective bargaining agreement. There is an arbitration provision in the so-called collective bargaining agreement, this massive document that Williams didn't agree to. And, in fact, if you look at the cover letter, it refers not to their agreement with ---- as the usual agreement, it refers to an agreement with local number 77. That agreement isn't in the record anyway. And so there's no evidence anywhere that the agreement with local 77 includes an arbitration agreement. We'll just take a couple steps back. An arbitrator can make a finding of fact as to whether an agreement exists, can it not? An arbitrator cannot determine arbitrability. That's the next question. An arbitrator can make a finding of fact that a collective bargaining agreement was entered into. Is that correct? I think if there's no dispute as to arbitrability ---- That comes second. Well, I see what you're saying. If there's no dispute as to arbitrability, if it's clear that this is arbitrable, then the arbitrator can take that next step. Otherwise, you're flipping it around, and a court has to determine arbitrability. And so the court would have to ---- Now, the arbitrator here was very careful to say that I'm not making a determination as to arbitrability. I believe the arbitrator ---- So then it goes to the court, and the district court, in this chicken-and-egg analysis, looks at the findings of fact made by the arbitrator, which you claimed it didn't have the authority to do, but accepts those. Now, there's a couple of Supreme Court decisions, McDonald and Alexander, which seem to talk about you can look at an arbitrator's decision, and you're permitted to rely on findings of fact in an arbitrator's decision. But those cases are not ---- they're not on the issue of whether there is an arbitration clause. They would have to be on the issue of ---- I mean, this arbitrator had no authority to act in any way because of the lack of an arbitration clause. And you also would have another argument here, even if the arbitrator could act, that what happened here was the district court acting on hearsay. Correct. Do you want to address that? Correct. Yes. These facts in the arbitration agreement were never properly presented to the court in any way. There was no ---- for example, there was no affidavit of Mr. Lewis or of the union president saying that the facts as set forth in ---- even a summary affidavit of the facts as set forth in the arbitration award are true and correct. This arbitration award was presented. Nothing was authenticated. Nothing was authenticated. Now, we don't ---- we did not deny. Yes, you say. Do you have to authenticate it if you concede? Well, we didn't ---- we didn't deny that the arbitration award was in fact the piece of paper signed by the arbitrator. In fact, I think an arbitration award may be self-authenticating, but the facts as set forth in the arbitration award are all hearsay. The arbitrator heard ---- supposedly heard testimony that was apparently not transcribed and simply, you know, stated these facts, and now the court is relying on them. The arbitrator wasn't sworn. There was not even a sworn court reporter. There was no affidavit. There was no nothing. And so those facts were not before the court as they should have been for a motion for summary judgment. Good. Why don't we have you back on rebuttal? Thank you. On the other side. Mr. Speer, good morning. Good morning, Your Honors. May it please the Court, my name is Samuel Speer. I represent the union and the funds in this case. First of all, do you agree that Williams is permitted to argue that the award must be vacated because there was no agreement to arbitrate? Yes. That goes to the court's subject matter jurisdiction. It goes to the arbitrator's jurisdiction. Office Center Services says you must sue to vacate within 30 days, and Office Center Services has a place in this case because some of the underlying issues in the case that go to the merits have been waived by Williams because they never sued to vacate. But as to the existence of an agreement to arbitrate? That would apply to the merits, and that would be a problem. Right. But as to whether the arbitrator had the authority to act in the first place? Right. Either you have the jurisdiction or you don't. Right. And whether you move to vacate or not appears to be irrelevant. I think that's right. I think – I don't know that there's any case – well, Kaplan, I guess, probably says that, the Supreme Court case, but I don't know if there's any case in – I'm aware of a few district court cases that have reached that conclusion, but I'm willing to say that, yes, I think that an employer or a party has the right to come into court and say you can't sue me to enforce this award because there was never an agreement to arbitrate. Okay. Could you address the – whether, to the extent the arbitrator's findings of fact were inadmissible hearsay? Yes, I can. This case has gone on for many years. We got to the point of filing a motion for summary judgment in response to Williams' motion to dismiss. There was a Rule 16 conference with the judge, with the court. The district court said, I think we should do some more discovery. Do we need to do that to produce a full record? Both parties agreed, no, we don't need that because, indeed, further discovery would have been entirely duplicative of what the unrefuted testimony had been in the arbitration case. That's the issue on summary judgment, and one could make an argument no matter what they say whether discovery would be duplicative, it's still your burden to show there was no genuine issue of material fact. That's right. Going back to the hearsay, it would appear that the arbitrator's findings of fact were not a court statement by the arbitrator, which was offered to the district court for the truth of the matter. Right. That sounds like hearsay. Well, Your Honor, my understanding of rule... And, in fact, isn't there actually here, there probably is double hearsay because the decision also includes statements about the union's representative's testimony. I have two things to say about it. That's right, but I have two things to say about it. Number one, my understanding of rule 56 is that, as a moving party, I needed only to identify facts that I said were undisputed, and then it is up to the other side to show that there is actually a dispute about some material fact that actually exists. So then it is Williams' burden to present some evidence that would show that there is some dispute, and Williams didn't do that other than the half a sentence in his affidavit where he said, we did not otherwise agree to arbitrate the case. That's my first response. My second response, Your Honor, is that, indeed, there was evidence because we have that, remember, we have that other agreement that he signed. The point is, let's go back to the, can you address whether the district court, or I'm sorry, the arbitrator's findings of fact were hearsay in the district court? They were hearsay, but it was agreed by the parties that they would be admissible to show their truth. Well, I think. That the record was complete for purposes of ruling on the motions. No, I think that the quote is, discovery would have been duplicative of the testimony presented to the arbitrator, close quote. So there's no need to present additional testimony, but that doesn't mean that they have, the other side has waived the hearsay claim with respect to the findings of fact made by the arbitrator. That's just saying that if they are admissible, that there's really no need to have anything further. We're just gilding the lily. Well, and I think that having anything else would have gilded the lily. I rely, all I can say, Your Honor, is I rely on the district court's footnote one. It says that the parties informed the court the further discovery would not be productive as the record is complete and requested that the court dispose of the case upon the motions filed. That's number one. Number two, there was other evidence. There is a written signed agreement. It is the project agreement that was signed by Mr. Williams, which is enough. Is that what you're referring to as the operator's agreement? Yes, on page 161 and 162. And three, Your Honor, I would like to put the case in context a little bit so that the court is clear on what it is really ruling on. This is a case that's now seven years old. The work in question was done in 2003 and would have gone into 2004. Williams, during that whole time period, never said we don't have a contract. That's a fact that Williams cannot refute. And the district court pointed out all these sorts of inconsistencies in Williams' position. We filed a grievance raising these issues with Williams. Williams did not turn the grievance down. Williams did not say at that point that there is no arbitration clause in your contract. We filed with AAA for arbitration. Six months before the scheduled hearing, AAA scheduled the hearing. We hear nothing from Williams. The night before the arbitration hearing itself, Williams faxes in a letter for the first time ever, now at this point the dispute is two years old, saying, you know what, there's no collective bargaining agreement and there's certainly no agreement to arbitrate. This is the first anyone heard. Okay. So we go to the arbitration hearing and put on our evidence and Williams doesn't appear. Five months later, because Williams has not complied with the, not five months after the hearing, the arbitrator's award comes out several months after the hearing. And then five months after that, we sue to enforce. And then Williams finally puts in something in the way of evidence. It's the one-page, half-a-sentence affidavit on this relevant point, saying that there's no agreement to arbitrate. Well, Williams cannot dispute that they did adhere or intend to adhere to the wage and benefit provisions of the contract. We have a signed agreement that says that. We don't need any other affidavits for that. What contract are you referring to when you say? The project agreement on page 161. Okay. Not the collective bargaining. Well, I say that that is incorporated because of what Williams agreed with before the district court. Everyone assumed that the record was complete because that's what we said to the court. Wait, wait. I'm sorry. You have to explain that to me. I didn't follow that argument. As the court explained in footnote one of its opinion, there was a Rule 16 conference. This is after the motions are filed. And the judge said, do we need more discovery to develop the record? And both sides, not me, but both sides said, no, we don't, because the record is complete for purposes of your ruling on this motion. Now, if we had moved for partial summary judgment on liability, if the court had ruled as is suggested that, you know what? Everything that I have here is hearsay, so therefore I can't order summary judgment on the basis of this, what is an incomplete evidentiary record. The court would not have dismissed the case. The court simply would have said that I think there are material issues here that require a trial because I can't decide the case on motions. And so that's what would have happened. The case would have gone back to trial. So you're saying authenticity was never raised before the district court? Excuse me? You're saying that authenticity or hearsay was never raised before the district court? Well, that's right, yes. Either informally or by motion? That's right. All right. What is the agreement here that you're seeking to enforce? Is it the collective bargaining agreement? It is the collective bargaining agreement of Article 542. Which was not signed by either party, is that correct? Which was not signed by Williams. It was signed by the union, and it is also that. It was sent to Williams? Yes, it was. It was not signed by Williams? No, but the testimony of Mr. Jones was that we negotiated some concessions, which are reflected in the project agreement that's on 161 and 162. And we agreed to those concessions, and then the company adhered to terms of the agreement. Does the project agreement say that it incorporates the collective bargaining agreement? I would say it does, absolutely. I'm sure you do. I would. Is there anything? But if we don't have that, we do have at least the incorporation expressly of the local 77 agreement, which also contains an arbitration provision. And where does that appear? Page 161. Oh, the agreement itself? It only appears in its description by the arbitrator. I mean, there's a reference to it on page 161 on the agreement that Williams signed. It says we want to adhere to what we have with local 77. Testimony at the arbitration hearing was that, yes, well that includes an arbitration provision too. And there's one other point because I talked earlier about context, which is important. Suppose Williams is right and there's no agreement to arbitrate. Well, that doesn't mean I have an unenforceable agreement. All that means is if it's true that there is absolutely no agreement to arbitrate, I still have an agreement to enforce. At worst, I have the agreement on page 161 or 162, and I also have the right to go straight into federal court under Section 301, under which the complaint was brought in the district court to enforce the agreement and not go to arbitration first. And explicitly, what does the agreement say on 161 and 162? What right does it give you? It gives me the right to adjudicate whether Mr. Lewis had been fired for just cause or not. And it gives me the right to say if he wasn't paid either the right wages or benefits weren't paid, then they must be paid. So if there's no arbitration, then I'm stuck going still to Judge Tucker to say, Judge Tucker, you know, we couldn't arbitrate the case, but we're asking you to adjudicate the merits of the case. She didn't deal with the latter issue, though. Is that correct? She did not. Frankly, I thought it really did not need to be raised. But the best that Williams can get in this case is the court saying, you're right, there's no arbitration, but we remand because there's still an underlying merits dispute, the merits of which has to be adjudicated by the district court pursuant to Section 301 of the Labor Management Relations Act. One thing that I guess I haven't touched on is this underlying argument that you need to have a signed agreement in order to be bound by something. And I think the district judge, the district court adequately disposed of that. The case is cited adequately disposed of that. There was one case that was cited. You can have, according to the case law, a course of conduct. Yes. Which could possibly do away without the need to have a signed agreement. Is that Third Circuit case law? Well, yes, there is, Your Honor. I think that's an unremarkable proposition of contract law, frankly. But there is actually a Third Circuit case involving, on page 13 of Williams' primary brief or merits brief, it cites the Bethlehem Mines case, which is a 1974 Third Circuit case. There on the facts, the Third Circuit simply said that this course of conduct does not indicate assent to one agreement, albeit the employer in that was a party to another collective bargaining agreement containing a different arbitration clause. So that case really doesn't apply, or doesn't support what Williams is saying. But Bethlehem did cite an earlier Third Circuit case, which is an NLRB case, but it's called NLRB versus Operating Engineers Local 825. And that's 315 F. Second, 695. And on page 699, the issue there was the union was trying to get out of the agreement because it had not signed the agreement. And the court, just to shortcut what the court said, it did go back to common law and said, Justice Holmes once said, conduct which imports acceptance is acceptance or assent in the view of the law. Whatever may have been the actual state of mind of the party. And as Lord Chancellor Sudden wrote, tell me what you have done under such a deed, and I will tell you what the deed means. It is clear the union violated its duty to refer employees to the employer, it says, notwithstanding that there was no signature on the agreement itself. So that's an earlier case, I guess, that supports this. But, again, we've cited a number of later cases which we think support this. Again, what is an unremarkable proposition of contract law. Let me ask you, just take a moment or two. The damages thing is sort of beyond me because it is so messed up. Yes. It looks like you're seeking about $74,500 in damages plus prejudgment interest. Right. And it looks like Williams is saying, if I don't owe zero, then I owe something like $6,700 to the union and about $5,700 to the union funds. So it's about $12,500, $13,000. Right. And that's about as close as I can get because otherwise it's a mess. I mean, for example, the district court says that Lewis was entitled to 192 days of additional pay for a time period of which there's only 164 days during that time period from October 20, 2003 to April 1, 2004. No, that – And I know, I realize you've backed off. You're saying it's 111 days. I didn't get that. But it's a mess. When I did the brief, Your Honor, this brief, and I looked at what the district court did and, frankly, what we had done, I was embarrassed because I could not support some of the numbers. So I redid the numbers in a way I could support it. And, frankly, fortunately, it worked out to be within about $2,000 of it. I mean, some of the numbers shifted, frankly, from here to here. So it is – it's simple, yet it's complicated, only because you have to look at each little component, which I did. And so the number is the number. And I think that, as I said in the brief, I think because you have plenary review, you can affirm on any basis, so if the record supports the recalculation. Even if there was an agreement and it could be arbitrated, do we know how many days the crane operated during the relevant period? Only what Williams says, that's all we know. And we can't get anything else because they said we don't have payroll records for them. All we know is it was X number of days, whatever the number of – excuse me – days was. And we don't know if those days were during overtime or during the week. So it's kind of hard to figure some of this out.  If the employer which has done the violation, committed the violation, gives you information that you can't really rely on, the district judge, the district court is entitled to make some assumptions and give the benefit of the doubt to the injured party. And that's what happened. All right. Thank you, Your Honors. Thank you very much, Mr. Press. Was any objection lodged to the evidence, quote, evidence that was put before the district court? Yes. If you look at pages 160 – remember, there were no oral hearings here and certainly nothing transcribed. There was that one sort of status conference telephone call referenced in Judge Tucker's footnote one. But if you look at 164, 165, we point it out. Here the movement plaintiff has presented no pleadings, depositions, answers to interrogatories and admissions on file or affidavits to establish any fact before the court. It simply recites facts with absolutely no evidentiary support. It does not even bother to authenticate the documents on which it relies and unauthenticated documents simply cannot be considered. That was right there in our – we filed the first motion to vacate, the motion to dismiss. They filed a response and cross-moved for summary judgment. That was in our brief responding to what they had presented right there. So I think it's pretty clear that we did not sit on that right. The documents that the union attached to its summary judgment motion, you argue that they failed to authenticate them, but you don't question the actual authenticity of those documents. We don't question the authenticity of the arbitration award itself as being the product of that arbitrator. We certainly do dispute the authenticity of the facts set forth in that paper. Do you dispute the authenticity of the operator's agreement? I don't believe the operator's agreement – That was signed by Williams? That agreement wasn't even in evidence at the time. That agreement wasn't presented to the district court, I believe, until after that. Until after what? Until after we had – until after we moved to dismiss. It was not attached to the original complaint. I don't believe it was attached to their response to the motion for summary judgment. It may have been. But I believe it came in after that. I may be wrong about that. But, no, we didn't – we don't dispute – we did not dispute that Mr. Williams had sent that letter and that document. We couldn't. It wasn't properly authenticated, but we didn't dispute that. But there's no arbitration agreement in that document. And, you know, if they want to sue us under Section 301 or under, you know, contract law in state court or whatever, go ahead. You know, we have defenses. We can – you know, I think Williams would be glad to litigate this case and put an end to it. We'd obviously rather put an end to it. I mean, litigate a case in which the amount they're asking for is $74,000? And you're saying it's – you owe at most $12,000 or $13,000? Okay. And we don't believe there's federal – It seems like a lot of time and money has been spent already. We don't believe there's federal court jurisdiction here anyway. But, you know, if they want to sue us in the, you know, Court of Common Pleas for York County or whatever the other state trial courts might be, I guess they would have jurisdiction. Mr. Lewis could sue us. I think we have a statute of limitations defense by now, but that's not really before this court at this point. Let me also point out that – You start off with something really simple. You – your client brings on a union worker to do a crane job at a hospital project in York. Correct. Something is owed for that. We paid this gentleman for the time that he worked. Now, there is a dispute apparently about whether he's entitled to extra pay for this long boom pay or some – maybe some additional overtime hours or something. But basically, we paid him for the time that he worked. You paid what you thought you owed. They think you owe more. They, I believe, maintain that we owe more. What we didn't do is pay for after we fired him for what we believe was perfectly just cause. And we don't believe we owe him anything for firing him. We believe he was basically an at-will employee in any event. But, you know, if they think they can establish a, you know, either a contractual right or some other right to continued employment, then, you know, they should be entitled to have added in a court of law rather than an arbitration form. Good. Any other questions? Good. Thank you. Thank you, Your Honor. Thank you, counsel. We will take the case under advisement.